## BROOKS vs. CLIFTON, USE OF JORDAN.

In the absence of all proof whatever that the right of action is in the plaintiff, it is a fatal omission for which a judgment in his favor will be reversed

Where a person rents a house for the purpose of storing furniture in it, and in violation of his contract stores heavy articles therein, by means of which it is destroyed, he is responsible in damages to the person having the legal right of action against him.

If a special agreement for the lease of a house for the storing of furniture, is waived by the lessor, and he consents, expressly or impliedly, to heavy articles being stored in the house, the tenant will not be responsible for the consequences of storing such articles; but the mere fact that the lessor knew that the heavy articles were being stored in the house, and failed to dissent, is no waiver of the terms of the agreement.

Case, not trespass, is the appropriate remedy for the violation of a special agreement for the use of a house, by which it was injured or destroyed.

### Appeal from Ouachita Circuit Court.

Watkins & Gallagher, for the appellant.

If the storing of heavy articles in the house was a violation of the contract, the plaintiff should promptly have dissented: and in the absence of such dissent, with a knowledge on the part of the plaintiff of the breach of the contract, no *assent* is necessary, but will be implied from plaintiff's silence.

The instructions of the defendant should have been given without the two propositions appended thereto by the court.

The plaintiff's remedy, if he had any, was in trespass, not case. *Case et al. vs. Mark*, 2 *Ham.* 169; 1 *Chit.* 179, 180; 1 *Greenl. Ev. sec.* 615..

Garland & Randolph, for appellee.

That the defendant was liable for the amount of the damages actually sustained by reason of the breach of the contract. 2 *Parson's on Con.* 454 *et seq.*

The mere fact that a party remains silent upon a known breach of a contract does not preclude him from bringing an action for any damage that may accrue to him.

Where a house is rented for a particular purpose it cannot rightfully be used for any other.

That trespass on the case, and not trespass was the proper action here. 1 *Saund. Pl. and Ev.* 335; 1 *Ch. Pl.* 151 *et seq.*

Mr. Chief Justice English delivered the opinion of the Court.

This was an action on the case brought by Clifton, for the use of Jordan, against Brooks, in the Ouachita Circuit Court.

The declaration contained two counts. The substance of the first was, that the plaintiff rented to the defendant a store house situated on a lot in Camden, for the express and sole purpose of storing certain furniture therein, and that the defendant, in disregard of his special contract, stored in the house certain heavy articles of freight, such as barrels of whiskey, rum, brandy, cider, stoves, castings, grindstones, plows, etc., of great weight,

etc., by means whereof the store house fell down, and was destroyed, etc.

The defendant pleaded the general issue, and on the trial the following evidence was introduced, as stated in the bill of exceptions:

*Wm. S. Thornton*, witness for plaintiff, testified that he was in the store of E. N. Woodland, & Co., when defendant came in, and said he had some furniture coming around and wanted to rent his (Jordan's) house to put it in. A good deal of conversation followed, which witness did not recollect. Heard Jordan remark that the house was not finished, the floors were not laid. Brooks remarked that the things were light, and they would put them in the lower room, and could easily remove them to the upper room, and the rent adjusted afterwards.

On cross-examination, the defendant asked the witness if there was any contract between the parties restricting defendant to the storing of furniture alone in said house. Witness replied that he had heard nothing but furniture mentioned.

On the question being again propounded he answered, no.

Upon being asked by plaintiff, if defendant did not say he wanted the house to store furniture in, witness replied, he did.

*E. N. Woodland*, witness for plaintiff, testified that he came up the street with Books, and went into the store of E. N. Woodland & Co., with him. Brooks told Jordan, he wanted to rent his house to store some goods in that he had coming around on a steam boat, and said the goods were furniture. Jordan said his house was not finished, but Brooks said the goods were light, and could be moved very easily.

On cross-examination, witness was asked if Brooks was restricted to the storing of furniture alone, and he answered, he was not, at least he heard no restriction mentioned.

The house was proven to have been worth from $1,000 to $1,800, and the wreck was sold for $175.

Witnesses for both parties testified that the building was a fair ordinary building, but the underpining was insufficient, and there was not sufficient support. One witness stated that the

plaintiff intended to make the underpining stronger.    Another witness testified that in his opinion the building would not have fallen had furniture alone been stored therein.

It was proven, on behalf of plaintiff, that the building fell down in complete ruins; and that there were, at the time, stored therein some eight or nine stoves, and some 30, 40 or 50 barrels of whiskey, averaging 360 pounds to the barrel.

The witness who testified as to the number of barrels of whiskey stored, further stated that he saw Jordan at the store door in the afternoon, when the freight was in there, and asked him if he was not storing goods, and received an evasive reply.    Did not hear him make any objection to storing of whiskey, or any thing else.    Did not know that Jordan saw any articles hauled there.

It was also proven that it was cold weather, and that there were snow and sleet on the ground, and on the roof of the house.

Which, the bill of exceptions states, was all the evidence introduced in behalf of either party.

The jury returned a verdict in favor of the plaintiff, and assessed his damages at $1,000.    Motions for a new trial, and in arrest of judgment were overruled, and the defendant appealed.

It will be observed that there is no evidence whatever that Clifton, in whose name the suit was brought, was the owner of the house, or the lot on which it was situated, or had any interest in either, or that the contract for storing the furniture in the house was made with him, or by any one acting for him.    On the contrary, the evidence conduces to prove that Jordan, for whose use the suit was brought, was the owner of the house, and that the contract was made with him.    The suit being brought in the name of Clifton, there should have been some evidence that the legal right of action was in him.    1 *Arch. Nisi. P.* 548.

One of the grounds of the motion for a new trial is, that the verdict was without evidence to sustain it, and the counsel for

appellant insisted that there was no proof of a right of action in the plaintiff. We are not at liberty to overlook so fatal an omission in the evidence as set out in the bill of exceptions.

The plaintiff below asked the defendant to give the jury three instructions, the first and third of which were given against the objection of the defendant. They are as follows:

(1.) "If the jury believe from the evidence, that Jordan rented the house to Brooks for the storing of furniture, and that it was so understood between the parties at the time; and if they further believe from the testimony that the defendant stored other and heavy articles in said house, by reason whereof said house fell down and was destroyed, then the jury must find for the plaintiff in the amount of damages proven to have been sustained by him by reason of the same.

(3.) "If the jury believe from the testimony that there was a special agreement for the rent of said house for the storing of certain articles only, and defendant stored articles by reason of which said house fell down, the mere fact that Jordan knew of said defendant so storing said other articles, and failed to express any dissent thereto, would not change the original contract of rent between the parties; and if the jury find that there was such a specific contract, and that said building was broken down by the storing of other articles, then they must find for the plaintiff in the sum of damages proven to have been sustained."

The legal propositions asserted in these instructions are believed to be correct.

Most unquestionably, if Brooks rented the house for the purpose of storing furniture in it, and in violation of his contract stored heavy articles therein, by means of which it was destroyed, he is responsible in damages to the person having the legal right of action against him. *Edwards on Bailments*, 327; *Hooks vs. Smith*, 18 *Ala*. 338.

If the lessor expressly or impliedly consented to the heavy articles being stored in the house, and thereby waived the terms of the original contract, the tenant would be released from responsibility for the consequences that followed from the stor-

ing of the heavy articles; but the mere fact that the lessor knew that the heavy articles were being stored in the house—in other words, the fact that he knew that the contract was being violated—and failed to dissent, would be no waiver of the terms of the contract. The tenant was bound to observe the terms of the contract, and if he chose to violate its terms, he acted at his peril regardless of the knowledge of the lessor. *Hatchett & Bro. vs. Gibson*, 13 *Ala.* 588.

The defendant moved the court to instruct the jury as follows:

1. "If the jury believe from the evidence, that the plaintiff did not, in entering into the contract of the lease of the store house in controversy, limit or circumscribe the right of defendant to store solely articles of *furniture* therein, the defendant had the right to store therein such groceries or other articles of merchandize as are generally placed in a store house by persons doing a mixed business of the buying and selling of goods, wares and merchandize, and could only be held liable by voluntary negligence in storing in the house such a large amount of goods, etc., as would not be warranted by the strength of a store house of due and reasonable strength, adapted to such business and purposes.

2. That a lease or hiring being proven for the purpose of storage of goods, the law will require that the house was suitable for the business proposed, so far as a defendant would be held liable; and it devolves upon the plaintiff to show that he expressly limited or circumscribed the right of defendant in relation to the nature or character of the goods to be stored therein, and that defendant understood and assented to such limitation.

3. "That under the present form of action plaintiff cannot recover in any event unless he proves the special contract as laid in the declaration."

The court gave the third instruction, which cut off the right of plaintiff to recover on the second count of the declaration, there being no averment in it of a special contract for the storing of particular articles in the house.

The court refused the second instruction, and properly, we think, in view of the evidence before the jury.

The court gave the first instruction, in connection with the following:

" In order for the plaintiff to recover it is necessary for him to prove that the contract was to use the house for the purpose of storing furniture only, and that the loss arose from his storing other articles; if these facts be proven, they will find for the plaintiff, if not, for the defendant.

" The fact that plaintiff knew without objection that the defendant stored groceries in the building, is competent to be considered for the purpose of ascertaining whether the lease to store was general or special, and for no other purpose."

The defendant objected to the instructions so given by the court, of its own motion, in connection with the first instruction moved by him; but we perceive no substantial objection to them—none at least that defendant could complain of, in view of the evidence in the case.

Upon the motion in arrest of judgment, it is insisted that the action should have been trespass and not case, but we think case was the appropriate remedy for the cause of action set out in the first count in the declaration, upon which count we suppose the jury must have found their verdict, under the instructions of the court, though the finding was general.

The injury complained of was the consequence of storing the heavy articles in the house, in disregard of the special contract alleged, and not the immediate result of force.

For want of proof to sustain the verdict, as above indicated, the judgment must be reversed, and the cause remanded, with instructions to grant a new trial.